UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

-------------------------------------------------------------X
CONNECTICUT MARINE SERVICES, INC.
d/b/a SEA TOW SOUTHERN CONNECTICUT

                            Plaintiff,                C.A. No.: 1:23-cv-00305-MSM-LDA

    -against-

ROGER JOHN KENDRICK, in personam, and
the OCEAN PEARL, a 2011 Oyster 625 Sailing
Yacht, and its engine, bunkers, spars, sails,
contents and appurtenances, etc., in rem,

                            Defendants.
-------------------------------------------------------------X

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

THIS MATTER is before the Court upon Plaintiff CONNECTICUT MARINE

SERVICES, INC. d/b/a SEA TOW SOUTHERN CONNECTICUT, Motion for

Appointment of Substitute Custodian with Incorporated Memorandum of Law.  The

Court has carefully considered said Motion, reviewed the Court file and is otherwise fully

advised in the premises.

Accordingly, it is ORDERED AND ADJUDGED as follows:

    1.    Plaintiff's Motion for Appointment of Substitute Custodian with

Incorporated Memorandum of Law is hereby GRANTED;

    2.    The United States Marshal for the District of Rhode Island is hereby

authorized and directed, upon its seizure of the OCEAN PEARL, a 2011 Oyster 625

Sailing Yacht, and its engine, bunkers, spars, sails, contents and appurtenances, etc.

and all other necessaries thereunto appertaining and belonging (collectively referred to

herein as the "Vessel"), pursuant to the <u>Warrant of Arrest In Rem</u>, to surrender the possession thereof into the custody of the Substitute Custodian, N.E.S. Solutions, LLC ("NES"), at the Vessel's current location believed to be SHM NEB, LLC d/b/a Safe Harbor New England Boatworks, 1 Lagoon Road, Portsmouth, Rhode Island.

3.    Upon transfer of custody of the Defendant Vessel to NES and/or its authorized representatives by the United States Marshal, NES is hereby appointed to act as Substitute Custodian of the Defendant Vessel during *custodia legis* on behalf of this Court, in the place and instead of the United States Marshal, until further Order of the Court.

4.    Upon transfer of custody of the Defendant Vessel to NES by the United States Marshal, the United States Marshal shall be discharged from its duties and responsibilities for the safekeeping of said Vessel and shall not be liable for any loss occurring while it remains in the custody of NES.

5.    Upon transfer of custody of the Defendant Vessel to NES by the United States Marshal, NES shall cause the Vessel to remain in its sole care, custody and control.

6.    All reasonable expenditures which may be incurred by the United States of America, and/or NES, or by any party advancing funds to NES, for the safekeeping and maintaining of the Vessel while she is in *custodia legis*, shall be administrative expenses in this action and a first charge on the Defendant Vessel herein, to be paid prior to the release of the Defendant Vessel or the distribution of proceeds of its sale.

7.      During *custodia legis* NES shall not permit repairs or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an Order of this Court.

DONE AND ORDERED in Chambers at Providence, Rhode Island on this ___1st___ day of August 2023.

_____
United States District Judge

Copies furnished:

Counsel of Record
United States Marshals Service

3